# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DELANO MARCIEL THOMAS, an individual, | No. 59681-4-II |
| Appellant, | |
| v. | |
| PACIFIC COUNTY SHERIFF'S DEPARTMENT, SEAN EASTHAM, in his individual and official capacities, JOHNATHON ASHLEY, in his individual and official capacities; NICHOLAS A. ZIMMERMAN, in his individual and official capacities; ANTHONY KIMBALL, in his individual and official capacities; JESSE ALDEN WESTCOTT and JANE DOE WESTCOTT, husband and wife, and the marital community thereof; and GENEVIEVE MAY and JOHN DOE MAY, husband and wife, and the marital community thereof, | UNPUBLISHED OPINION |
| Respondents. | |

CRUSER, C.J.—Delano Thomas sued the Pacific County Sheriff's Office[1] and several

Pacific County Sheriff's Office deputies after he was arrested for first degree assault and first

degree unlawful possession of a firearm. Thomas brought claims of (1) malicious prosecution,

---

[1] Portions of the record refer to the Pacific County Sheriff's Office as the Pacific County Sheriff's Department. But the sheriff is an elected official who is required to "keep an office" in the county in which they are elected, so the correct name for this entity is the Pacific County Sheriff's Office. RCW 36.16.030; RCW 36.28.160.

(2) intentional infliction of emotional distress or outrage, (3) negligent infliction of emotional distress, (4) false arrest, (5) negligence, (6) defamation, and (7) abuse of process. The Pacific County Sheriff's Office successfully sought dismissal of the claims against it under CR 12(c) based on the fact the Pacific County Sheriff's Office was not a legal entity that was subject to suit. The deputies then successfully moved for dismissal on summary judgment of the remaining claims. Rather than respond to the deputies' summary judgment motion, Thomas filed a motion to correct the omission of Pacific County as a defendant, which he characterized as a scrivener's error, and asked that this amendment relate back to the original filing of the action. The superior court did not rule on Thomas' motion.

Thomas appeals the superior court orders dismissing with prejudice his claims against the Pacific County Sheriff's Office and the deputies. He also appears to challenge the superior court's failure to address his motion. We affirm.

FACTS

I. BACKGROUND[2]

In November 2019, Pacific County Deputy Nicholas Zimmerman responded to a call from Thomas reporting that his neighbor Jesse Westcott had been threatening him. Although Westcott had left the area, Thomas was afraid that Westcott would return. Zimmerman talked to Thomas but was unable to contact Westcott. Zimmerman was not involved in Thomas' later arrest or the collection of evidence.

---

[2] These facts are drawn from the declarations that the defendants submitted with their motion for summary judgment. Because these facts are relevant to the superior court's decision on a summary judgment motion, we have construed them in the light most favorable to the nonmoving party, here Thomas. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

After Zimmerman left, Westcott returned and Thomas shot him. Thomas and Genevieve May, a neighbor who witnessed the shooting, contacted law enforcement. Deputy Sean Eastham, Deputy Tony Kimball, and Sergeant Jonathon Ashley were involved in the subsequent investigation of the shooting and Thomas' arrest. During the investigation, Thomas asserted that he had shot Westcott when Westcott " 'charge[d]' " him with a baton. Clerk's Papers (CP) at 181. When law enforcement interviewed May and Westcott, they stated that Thomas shot Westcott without provocation.

The State charged Thomas with first degree assault and first degree unlawful possession of a firearm. The trial court found probable cause for arrest.

In November 2020, Thomas pleaded guilty to the first degree unlawful possession of a firearm charge. As part of the plea agreement, the State agreed to dismiss the first degree assault charge.

## II. CIVIL ACTION

A.    COMPLAINT

On September 20, 2021, Thomas filed a standard tort claim form in Pacific County advising the Pacific County Board of Commissioners that he was filing a tort claim and that the department or agency allegedly responsible for the damages was the Pacific County Sheriff's Office (PCSO).

On November 24, Thomas filed his complaint in the Pacific County Superior Court alleging both federal and state claims against the PCSO and Eastham, Ashley, Zimmerman, and Kimball in their individual and official capacities.[3] The state claims alleged by Thomas were (1) malicious prosecution against the four officers; (2) intentional infliction of emotional distress  or

---

[3] Thomas also named Westcott and Jane Doe Westcott, and May and John Doe May as defendants.

outrage against "[a]ll defendants;" (3) negligent infliction of emotional distress against "[a]ll [d]efendants;" (4) false arrest against the four officers; (5) negligence against the four officers; (6) defamation against "[a]ll [d]efendants;" and (7) abuse of process against "[a]ll [d]efendants." *Id.* at 104, 106-07. Thomas alleged that his claims were based on the fact the first degree assault charge and the first degree unlawful possession of a firearm charge were the result of (1) "false reporting and false statements made to law enforcement by Defendants [Westcott and May]," and (2) "the failure of law enforcement to investigate the allegations, interview witnesses, [and] preserve exculpatory evidence in favor of plaintiff." *Id.* at 96.

In his complaint, Thomas noted that he had "filed the required tort claim for damages with defendant Pacific County" and that 60 days had passed since he had filed the tort claim. *Id.* Despite the fact Pacific County was not named in the case caption, Thomas asserted in the section of the complaint identifying the parties that the PCSO was "a sub-department of Pacific County Washington" and that the PCSO and Pacific County were "one in the same defendant." *Id.* at 97.

The case was removed to federal district court. The district court dismissed the Mays and the Westcotts from this matter due to Thomas' failure to provide proof of service and failure to prosecute. The district court then granted summary judgment on the federal claims. The district court declined to exercise supplemental jurisdiction over the state law claims and remanded them to Pacific County Superior Court.

B.     THE PCSO'S MOTION TO DISMISS

In January 2024, the PCSO moved in the superior court to be dismissed as a party under CR 12(c). It argued that the PCSO was not a proper party because it was a county office that did not have the capacity to sue or be sued.

4

In his response to the PCSO's motion, Thomas did not dispute that the PCSO lacked the capacity to be sued. Instead, he argued that his case should not be dismissed because (1) Pacific County was a named defendant, and (2) even if Pacific County was not named in the complaint, the case should "not be dismissed on the grounds that it was not brought in the name of the real party [in] interest until an opportunity for substitution is allowed." *Id.* at 53.

In its reply, the PCSO argued that it, rather than Pacific County, had been named as a party in the action and in the caption of the complaint. The PCSO also argued that the court was not obligated to amend Thomas' pleading sua sponte. Additionally, the PCSO stated that the statute of limitation had run on January 11, 2023, and that, although Thomas could move to amend his complaint to name the proper party, this amendment would not relate back to the original filing date because the facts demonstrated that Thomas' failure to name Pacific County as a party was the result of inexcusable neglect.

Neither Thomas nor his counsel appeared at the February 23 hearing on the PCSO's CR 12(c) motion. The superior court stated that it had reviewed the briefing and that Thomas' response did not refute the PCSO's argument that it was not a legal entity capable of being sued. Because Thomas did not oppose the PCSO's argument, the superior court granted the PCSO's CR 12(c) motion, dismissed the PCSO as a party, and dismissed all claims against the PCSO with prejudice.

C.    DEPUTIES' SUMMARY JUDGMENT MOTION AND THOMAS' CR 60/CR15 MOTION

On April 2, the deputies moved for summary judgment. They argued that Thomas had failed to establish questions of fact as to each element of the malicious prosecution, intentional infliction of emotional distress/outrage, negligent infliction of emotional distress (NIED), and abuse of process claims. They also argued that the NIED, false arrest, and negligence claims were

barred by statutory immunities and that the false arrest and defamation claims were barred under the statute of limitation. The summary judgment motion was supported with declarations from the four deputies.

Thomas did not respond to the summary judgment motion. Instead, he moved to correct "scriveners' errors" in his complaint and to add Pacific County as a party under CR 60 and CR 15 and to remove the PCSO as a party per the superior court's February order. *Id.* at 222. Thomas argued that the addition of Pacific County should relate back to the original filing date under CR 15(c) because any failure to properly name Pacific County as a party was excusable because he had to file his case pro se when his counsel unexpectedly died from COVID-19, Pacific County would not be prejudiced because it had notice of the claim when he filed a notice of claim in September 2021, and Pacific County had been involved in the defense since November 2021. Thomas docketed this motion for an April 12 hearing.

The deputies responded that Thomas' motion was improperly served, improperly before the superior court, and failed as a matter of law. They argued that granting Thomas' motion to amend would be futile because the amendments would not relate back to the original filing date and would be barred under the statute of limitations because the omission of Pacific County as a party was not the product of excusable neglect.

Neither Thomas nor his counsel appeared at the April 12 hearing on Thomas' motion. The superior court struck the hearing and apparently took no action on the motion.

On May 3, the deputies filed a reply to their summary judgment motion asserting that because Thomas did not file a response opposing their motion for summary judgment, summary judgment was appropriate as a matter of law. At the May 10 hearing on the summary judgment

motion, neither Thomas nor his counsel appeared. Defense counsel advised the superior court that Thomas had not responded to the summary judgment motion. The superior court granted the summary judgment motion.

Thomas appeals.

## ANALYSIS

### I. ORDER GRANTING THE PCSO'S CR 12(C) MOTION TO DISMISS

Thomas argues that the superior court should have permitted him to "correct the scrivener's error" in his complaint to add Pacific County as a defendant before granting the PCSO's CR 12(c) motion to dismiss. Br. of Appellant at ii (Issue 1) (capitalization and boldface omitted). Thomas argued in his response to the PCSO's motion to dismiss that Pacific County was already a named defendant and that his claims should not be dismissed or that he should be permitted to amend his complaint to name Pacific County as a party. But Thomas did not move to amend his complaint until after the superior court granted the PCSO's motion to dismiss. And he cites no authority establishing that the superior court was required to allow such amendment without a formal motion. "Where a party fails to cite to relevant authority, we generally presume that the party found none." *State Constr., Inc. v. City of Sammamish*, 11 Wn. App. 2d 892, 906, 457 P.3d 1194 (2020).

Furthermore, apart from asserting that he should have been allowed time to amend his complaint to include Pacific County as a defendant before the superior court dismissed the PCSO as a party, Thomas fails to present any argument as to why the superior court's decision dismissing the claims against the PCSO was in error or how amending the complaint to include Pacific County

would have changed the superior court's decision on the PCSO's motion to dismiss.[4] Accordingly, we affirm the superior court's order granting the PCSO's CR 12(c) motion and dismissing the PCSO as a party.[5]

## II. THOMAS' CR 60/CR 15 MOTION

Thomas appears to argue that the superior court erred when it failed to consider his CR 60/CR 15 motion to include Pacific County as a named party. But, in his reply, he admits that he did not properly serve this motion. Accordingly, Thomas does not show that the superior court erred when it did not address his CR 60/CR 15 motion.

Furthermore, even if it had been properly served, Thomas's motion to include Pacific County as a named party is now moot because any claim against Pacific County would have been based on vicarious liability for the deputies' actions and the claims against the deputies have all been dismissed, so there can be no vicarious liability. *Brown v. Lab. Ready Nw., Inc.*, 113 Wn. App. 643, 646-47, 54 P.3d 166 (2002) ("Vicarious liability depends upon the liability of the negligent agent to the injured plaintiff; if a plaintiff is barred from suit against the negligent employee, she cannot sue the employer on a theory of vicarious liability.").

---

[4] In his reply, Thomas attempts to argue that Pacific County and the PCSO are the same entity and that Pacific County was liable for the PCSO and its agent's actions because they were acting on Pacific County's behalf. But we will not address issues raised for the first time in a responsive brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Even if we did address this argument, Thomas would still not demonstrate that the superior court erred when it dismissed the PCSO as a party because, at best, his argument would demonstrate that Pacific County was vicariously liable for the deputies' actions, not that the PCSO and Pacific County are the same entity and that the PCSO was subject to suit.

[5] We note that regardless of the reasons for his absence, Thomas's counsel's failure to appear at the CR 12(c) hearing is immaterial because Thomas concedes that the PCSO was not a proper party and that was the sole issue addressed at this hearing.

Additionally, Thomas asks this court to take judicial notice of the reasons his counsel did not appear at the CR 60/CR 15 motion hearing that are set forth in an attachment to his opening brief. Even assuming that this court can consider the attachment, Thomas does not explain how his counsel's absence from this hearing was relevant to its outcome, so we do not further address his counsel's absence.

### III. ORDER GRANTING DEPUTIES' MOTION FOR SUMMARY JUDGMENT

Thomas next appears to argue that the superior court erred when it granted the deputies' summary judgment motion without giving him reasonable time to correct his complaint to include Pacific County as a defendant. But Thomas does not explain how including Pacific County as a defendant would have been relevant to the superior court's summary judgment decision in his lawsuit against the deputies. Thus, Thomas does not show that the superior court's decision on the deputies' motion for summary judgment was error.[6]

And to the extent Thomas may also be suggesting that his counsel absence from this hearing was excusable, Thomas does not explain how his counsel's absence from this hearing was relevant to its outcome. Furthermore, Thomas' counsel's failure to appear at the summary judgment hearing does not excuse his failure to file a written response to the summary judgment motion. And the failure to respond the motion in writing made it appropriate for the trial court to grant the deputies' summary judgment motion. CR 56(e) (if the adverse party fails to respond to a summary judgment motion, the court may enter a decision against the adverse party if appropriate).

---

[6] In his reply Thomas attempts to argue that summary judgment was not appropriate because there were questions of fact as to the claims against the deputies. Again, we will not address issues raised for the first time in a responsive brief. *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.

CONCLUSION

Thomas fails to show that the superior court erred when it granted the PCSO's motion to dismiss, did not address his CR 60/CR 15 motion, or granted the deputies' motion for summary judgment. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

MAXA, J.

VELJACIC, J.